IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ULYESSIE HUGGINS,** | : | **CIVIL NO. 1:CV-11-2061** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **DR. ZALOGA, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

**I.    Background**

Ulyessie Huggins ("Huggins"), an inmate currently confined at the Federal Correctional Institution at Elkton, Ohio, filed this civil rights action pursuant to 42 U.S.C. § 1983 wherein he raises claims, including inadequate medical care under the Eighth Amendment, that occurred while he was incarcerated at the Lackawanna County Prison, Pennsylvania. Named as Defendants are Dr. Zaloga, the Lackawanna County Prison, and Dr. Cronkey. On April 17, 2012, the Court issues a Memorandum and Order dismissing all claims without prejudice from the complaint with the exception of the medical care claims, and directed service of the complaint. (Doc. No. 14.) In addition, Defendant Lackawanna County Prison was dismissed from this action. Presently pending is a motion for the appointment of counsel filed by Huggins on April 25, 2012. (Doc. No. 15.) For the reasons that follow, the motion will be denied without prejudice.

**II.    Discussion**

In moving for the appointment of counsel Huggins argues that: (1) he lacks the knowledge and expertise necessary to litigate this action; (2) he lacks the resources required to

investigate his claims; and (3) he has limited access to the law library. (Doc. No. 15 at 1-2.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. While Defendants have not yet responded to the complaint, for purposes of this motion the Court will assume that the pending motion filed by Huggins has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

      6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

      The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. In reviewing the complaint, Huggins is obviously literate and clearly able to litigate this action on his own. The complaint sets forth the claims Huggins desires to pursue in this matter. While Huggins may not have the ability to visit the law library as often as he would like, it appears that he does have some access to the library. It cannot be said, at least at this point, that Huggins will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with the apparent ability of Huggins to litigate this action, weigh against the appointment of counsel. His pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ULYESSIE HUGGINS,** | : | **CIVIL NO. 1:CV-11-2061** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **DR. ZALOGA, et al.,** | : | |
| **Defendants** | : | |

### ORDER

**AND NOW**, this 22nd day of May, 2012, in accordance with the attached Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for the appointment of counsel (Doc. No. 15) is **denied without prejudice**.

                                                  S/ Yvette Kane
                                                  YVETTE KANE, Chief Judge
                                                  Middle District of Pennsylvania