IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ULYESSIE HUGGINS, | : | CIVIL NO. 1:CV-11-2061 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| DR. ZALOGA, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Ulyessie Huggins ("Huggins"), an inmate presently confined at New York CCM, a community corrections facility located in Brooklyn, New York, filed this civil rights action pursuant to 42 U.S.C. § 1983. Huggins complains about incidents that occurred at the Lackawanna County Prison ("LCP"), Pennsylvania, his former place of confinement. Named as Defendants are LCP, Dr. Zaloga, a doctor who provides medical care at LCP and is employed by Correctional Care, Inc., and Dr. Joseph Cronkey, an orthopaedic surgeon. The only remaining claim is Huggins' assertion that he was denied adequate medical care in violation of the Eighth Amendment. Presently pending before the Court is Defendant Zaloga's motion for judgment on the pleadings (Doc. No. 26), Defendant Cronkey's motion to dismiss the complaint/for summary judgment (Doc. 29), and Plaintiff's motion to amend his pleading (Doc. No. 40).

I.   **Allegations of the Complaint**

Huggins claims that on June 13, 2010, he broke two (2) knuckles as a result of a slip and fall accident at LCP. On June 16, 2010, he was taken outside of the prison to see Dr. Cronkey, an orthopaedic surgeon. Cronkey performed a "knuckle correction" and told Huggins there was a fifty-percent chance that his hand would heal properly. According to Huggins, Cronkey told him that he was entitled to an operation and referred him to Dr. Zaloga with respect to this

matter.  Huggins states that he submitted a grievance to Zaloga requesting an operation, but that Zaloga informed him he "wasn't entitled to anything" (Doc. No. 1 at 5).  Based on the foregoing, Huggins contends that LCP and Correctional Care Inc., through Defendant Zaloga, denied him adequate medical care by failing to provide him with an operation, pain medication, observation and physical therapy.  He also alleges that on June 14, 2010, he was charged for aspirin that he denied, and an ice pack he never received.  (Id.)  As relief he seeks monetary damages, as well as surgery and therapy.

**II.     Discussion**

**A.     Plaintiff's Motion to Amend**

Before resolving Defendants' pending motions, the Court will address Plaintiff's motion seeking leave to amend his pleading.  (Doc. No. 40.)  His request is short and simple.  He seeks leave to amend his complaint to specify his injury.  Specifically, he wishes to amend the complaint to allege physical disfigurement as the result of Defendants' actions.  In making this request, he references the fact that in filing his pending motion for judgment on the pleadings, Defendant Zaloga cites his failure to allege injury.  (Doc. No. 26 ¶54.)

Rule 15(a) of the Federal Rules of Civil Procedure authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(A) and (B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Consistent with this policy, leave to amend rests in the

discretion of the court and may, when justice so requires, be denied if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Thus, the Court will permit Huggins to amend his complaint only for the purpose of specifying his alleged injury suffered as "physical disfigurement" as set forth in Document 40. The standing complaint in this action will consist of Documents 1 and 40.

**B.     Defendant Zaloga's Motion for Judgment on the Pleadings**

On June 4, 2012, Defendant Zaloga filed the pending motion for judgment on the pleadings. (Doc. No. 26.) The motion is fully briefed. In the motion, Zaloga maintains that Huggins' medical records, which are attached to Zaloga's Answer with Affirmative Defenses (Doc. No. 24), reveal that Huggins received comprehensive and frequent medical treatment for his hand injury, and that his claims amount to nothing more than a disagreement as to the treatment provided. Zaloga argues that because mere disagreement with the medical treatment received is not actionable under Section 1983, he is entitled to judgment on the pleadings in this case. For the reasons that follow, the motion will be denied.

**1.     Legal Standard**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay the trial. Fed. R. Civ. P. 12(c). Because Defendant Zaloga has already filed an answer to the complaint, his motion is appropriately filed pursuant to Rule 12(c). Judgment on the pleadings under Rule

3

12(c) may be granted "only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Knepper v. Rite Aid Corp., 675 F.3d 249, 257 (3d Cir. 2012 (citing Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010)(citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). Thus, in this regard, the standard of review is identical to that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Turbe, 938 F.2d at 428 (citations omitted). The only notable difference is that a court, for a motion on the pleadings, may review not only the complaint but also the answer and written instruments attached to the pleadings. Brautigam v. Fraley, 684 F. Supp. 2d 589, 591-92 (M.D. Pa. 2010).

For purposes of a motion for judgment on the pleadings, a "complaint " is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint. See Sira v. Morton, 380 F.3d 57, 66-67 (2d Cir. 2004). Federal Rule of Civil Procedure 10(c) provides that " [a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Thus, in conducting a Rule 12(c) motion review, the court can consider any undisputably authentic documents attached as exhibits that are central to the claims in the complaint. See Domino's Pizza LLC v. Deak, 383 F. App'x 155, 158 (3d Cir. 2010)(finding that in reviewing 12(c) motion, the court could consider any undisputably

4

authentic documents attached as exhibits to the pleadings.)[1]

In analyzing Defendant's motion, just as required by a motion to dismiss the Court will accept as true the facts and inferences presented in the pleadings in the "light most favorable to the nonmoving party." Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004); Allah v. Al-Hafeez, 226 F.3d 247, 249 (3d Cir. 2000); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988). Plaintiff can support his claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007)(per curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555.) Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)(quoting Twombly, 550 U.S. at 570). "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more that conclusions" cannot "unlock the doors of discovery." Id. at 1950.

---

[1] However, it has also been found that not all attached written instruments should be considered part of the pleadings such as lengthy exhibits that contain evidentiary matter. See Rose v. Bartle, 871 F.2d 331, 339 n. 3 (3d Cir. 1989).

A Rule 12(c) motion may be granted where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. See Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. See Fed. R. Civ. P. 12(d). The one significant difference between resolution of Rule 12(c) and Rule 56 motions is the fact that in deciding Rule 12(c) motions, the Court does not consider matters outside the pleadings. Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 257 (3d Cir. 2004). It may, however, take into account matters of public record, orders and exhibits attached to the complaint. See Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004).

### 2. Analysis

Huggins filed his complaint alleging that following his injury at the prison, he was sent to Defendant Cronkey who performed a knuckle correction and told him that there was only a fifty-percent chance that his hand would heal properly. He further alleges that Cronkey told him he was entitled to an operation, but that he would have to go through Dr. Zaloga to set up any surgery. According to Huggins, not only did Zaloga refuse to approve him for surgery, he also denied him pain medication, physical therapy and other medical treatment for his injury .

Zaloga filed an answer to the complaint and attached seventy-eight pages of medical records relating to Huggins' medical care while at LCP. (Doc. No. 24.) Zaloga then filed his pending motion for judgment on the pleadings, in which he argues that these medical records

indicate that Huggins' civil rights claim must fail because it is predicated on a mere disagreement about the medical treatment he received, which is not actionable under Section 1983.

A constitutional violation under the Eighth Amendment in the medical context occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976). To establish a violation of his constitutional right to adequate medical care in accordance with this standard, Huggins is required to allege facts that demonstrate (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that mere misdiagnosis of a condition or negligent treatment, is not actionable under the Eighth Amendment because medical malpractice does not rise to the level of a constitutional violation. Estelle, 429 U.S. at 106. Deliberate indifference is generally not found when some significant level of medical care has been offered to an inmate, see Gindraw v. Dendler, 967 F. Supp. 833, 836 (E.D. Pa. 1997), or where claims are based upon the level of professional care that an inmate has received, see Ham v. Greer, 269 F. App'x 149 (3d

7

Cir. 2008). Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. See Gause v. Diguglielmo, 339 F. App'x 132 (3d Cir. 2009); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

While not artfully drafted, in accepting as true all of the allegations in Huggins' complaint the Court finds that they are sufficient to state a viable Eighth Amendment claim against Defendant Zaloga. Fairly construed, he alleges that Zaloga denied him pain medication and treatment for his broken knuckles, including surgery that the outside orthopaedic surgeon told him he was "entitled to" and physical therapy. As a result, he was subjected to pain and physical disfigurement.

Zaloga moves for judgment on the pleadings and in support thereof relies upon seventy-eight (78) pages of medical records he attaches to his answer to the complaint in this matter. (Doc. No. 24.) Based upon these records, Zaloga argues that Huggins received comprehensive and frequent medical treatment for his hand injury. As such, he seeks judgment on the pleadings in that the instant claims amount to nothing more than a disagreement as to the treatment provided by Zaloga. (Doc. No. 26.)

In opposing Zaloga's motion, Huggins argues that issues of fact exist and maintains that information that appears in the medical records differs from what actually occurred. He challenges the credibility of the records, and asserts that he should be provided the opportunity to challenge Defendant's submissions. (Doc. Nos. 39, 41.) In light of such, and in fairness to this pro se inmate, at this stage of the proceedings, an assessment of the nature, extent and quality of care is not possible without providing Huggins with the opportunity to resolve the

8

merits of the case by first affording him the opportunity to support his claims and then resolve the matter through a properly documented motion for summary judgment. For these reasons, Defendant's motion will be denied, and a scheduling order will be issued.

**C.      Defendant Cronkey's Motion to Dismiss/Summary Judgment**

Defendant Cronkey seeks the dismissal of the complaint or an entry of summary judgment in his favor due to Plaintiff's failure to file a Certificate of Merit ("COM") with the complaint or within sixty days after the filing of the complaint in accordance with Pa. R. Civ. P. 1042.3(a). In reviewing Defendant's motion and brief in support thereof, it is clear he construes the complaint as solely raising a state medical malpractice claim against him. He does not address Plaintiff's attempt to set forth an Eighth Amendment claim against him. For the following reasons, the Court will dismiss any Eighth Amendment claim Plaintiff attempts to assert, and will decline to exercise jurisdiction over any state medical malpractice claim without prejudice to any right Huggins may have to pursue that claim in state court.

Even though Defendant does not move to dismiss any claim brought pursuant to the Eighth Amendment, the Court may at any time dismiss the case if it is determined that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The standards for considering a motion to dismiss and a medical claim brought by an inmate pursuant to the Eighth Amendment were set forth above. In applying those standards to the instant case, it is clear that no viable Eighth Amendment medical claim is alleged against Defendant Cronkey. Even assuming Plaintiff could somehow demonstrate that Cronkey was a state actor, there are absolutely no allegations that he was deliberately indifferent to Plaintiff's hand condition. Plaintiff merely alleges that he was sent to Cronkey following his fall at the prison, and that

9

Cronkey treated him by performing a knuckle correction. Cronkey informed Plaintiff that there existed a fifty-percent chance his hand would heal properly and that he thought Plaintiff was "entitled to an operation" but referred him to the prison doctor, Defendant Zaloga, with respect to any decision/approval for any potential surgery. Accepting these allegations as true, Plaintiff has not set forth any facts even suggesting that Cronkey was deliberately indifferent to any serious medical need. He provided treatment in the form of a knuckle correction and told Plaintiff the procedure had a fifty-percent chance of being successful. Even if he thought an operation should be performed, any such decision needed to be made/approved by the prison, and Plaintiff thereafter referred back to Cronkey. As such, the Court finds that to the extent Plaintiff attempts to set forth an Eighth Amendment claim against Cronkey, he fails to set forth a viable claim.

With this said, the Court declines to exercise jurisdiction over any supplemental state negligence claim raised by Plaintiff. Insofar as Plaintiff seeks to file a medical malpractice action under state law in this case, he is required to file a Certificate of Merit (COM) under Pennsylvania law pursuant to Pa. R. Civ. P. 1042.3(a)(1); see Smith v. Friends Hospital, 928 A.2d 1072, 1074-75 (Pa. Super. 2007). The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court. See Hedge v. Dept. of Justice, 372 F. App'x 264, 267 (3d Cir. 2010)(affirming district court's dismissal of medical negligence claim for failure to file COM). Because Plaintiff fails to state a cognizable federal claim against Cronkey in his complaint, the Court declines to exercise supplemental jurisdiction over his state law claim. This claim will be dismissed without

prejudice to file it, with a Certificate of Merit, in the appropriate state court. Accordingly, Defendant's pending motion to dismiss/for summary judgment due to Plaintiff's failure to file a COM will be denied as moot. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ULYESSIE HUGGINS, | : | CIVIL NO. 1:CV-11-2061 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| DR. ZALOGA, et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW**, this 29th day of March, 2013, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to amend the complaint (Doc. No 40) is **granted** only for the purpose of specifying the injury suffered to include "physical disfigurement." The standing complaint in this action will be construed to consist of Documents 1 and 40.

2. Defendant Zaloga's motion for judgment on the pleadings (Doc. No. 26) is **denied**. All discovery in this matter shall be completed by the parties within sixty (60) days from the date of this order. Any dispositive motions may be filed within thirty (30) days from the close of discovery.

3. The Eighth Amendment claims set forth against Defendant Cronkey are **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The state law malpractice claims set forth against Cronkey are **dismissed without prejudice** to Plaintiff to pursue such claims in state court. All claims set forth in the complaint are dismissed with respect to this Defendant in their entirety.

4. Defendant Cronkey's motion to dismiss/motion for summary judgment (Doc. No. 29) is **denied as moot**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania